**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**SUSAN J. KNIGHT,**

                **Plaintiff,**

  v.                                           6:00-CV-1306
                                                        (GLS)

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Hinman, Howard Law Firm<br>P.O. Box 5250<br>80 Exchange Street<br>700 Security Mutual Building<br>Binghamton, NY 13902-5250 | EUGENE D. FAUGHNAN, ESQ. |
| **FOR THE DEFENDANT:** | |
| HON. GLENN T. SUDDABY<br>United States Attorney<br>P.O. Box 7198<br>100 S. Clinton Street<br>Syracuse, NY 13261-7198 | WILLIAM H. PEASE<br>Assistant U.S. Attorney |

**Gary L. Sharpe**
**U.S. District Judge**

# DECISION AND ORDER

## I. Introduction

Susan Knight applied for Social Security benefits which were subsequently denied. On August 29, 2000, Knight brought this action pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner's final determination.

## II. CONTENTIONS

Knight contends that the Administrative Law Judge: (1) erroneously evaluated the medical evidence; (2) improperly discounted her allegations of disabling pain; and (3) improperly failed to utilize a vocational expert. The Commissioner counters that substantial evidence supports the ALJ's decision that Knight was not disabled.

## III. FACTS

The evidence in this case is not in dispute and the court incorporates the parties' factual recitations. *See Pl.'s Br., pp. 4-9, Dkt. No. 6; Def.'s Br., pp. 2-20, Dkt. No. 10*.

## IV. DISCUSSION

### A. Standard and Scope of Review

A court's review of the Commissioner's final decision is limited to

determining whether the correct legal standards were applied and whether substantial evidence supports the decision. *Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is made by an ALJ. The ALJ's decision is reviewed by a court after an appeal is filed. A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

   A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *see Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255,

258 (2d Cir. 1988) (citations omitted).  It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990).  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams*, 859 F.2d at 258.  However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

     The court has authority to reverse with or without remand.  42 U.S.C. § 405(g).  Remand is appropriate where there are gaps in the record or further development of the evidence is needed.  *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *Cutler v. Weinberger*, 516 F.2d 1282, 1287 (2d Cir. 1975) (remand to permit claimant to produce further evidence).  Reversal is appropriate, however, when there is "persuasive proof of

4

disability" in the record and remand for further evidentiary development would not serve any purpose. *Parker*, 626 F.2d at 235; *Simmons v. United States R.R. Ret. Bd.*, 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Sec'y of HHS*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where payment of benefits already delayed for four years and remand would likely result in further lengthening the "painfully slow process" of determining disability).

## B. Five-Step Disability Determination

The definition of "disabled" is the same for purposes of receiving Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI) benefits. To be considered disabled, a plaintiff seeking SSDI or SSI benefits must establish that she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months ...." 42 U.S.C. §§ 423(d)(1)(A),1382c(a)(3)(A).[1]

---

[1]In addition, a claimant's

> physical or mental impairment or impairments [must be] of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

The Commissioner uses a five-step process to evaluate SSDI and SSI claims. 20 C.F.R. §§ 404.1520, 416.920.[2] Step One requires the ALJ to determine whether the claimant is presently engaging in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(b), 416.920(b). If a claimant is engaged in SGA, she will not be considered disabled. If the claimant is not engaged in SGA, Step Two requires the ALJ to determine whether the claimant has a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant is found to suffer from a severe impairment, Step Three requires the ALJ to determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 404.1520(d), 416.920(d). If the impairment meets or equals a listed

---

national economy, regardless of whether such work exists in the immediate area in which [s]he lives, or whether a specific job vacancy exists for h[er], or whether [s]he would be hired if [s]he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Therefore, a plaintiff must not only carry a medically determinable impairment but an impairment so severe as to prevent her from engaging in any kind of substantial gainful work which exists in the national economy.

[2] The court notes that revised versions of these sections came into effect in September 2003. *See* 68 Fed. Reg. 51161, 51164 (Aug. 26, 2003). In the revised versions, paragraph (e) clarifies the application of the RFC determination. New paragraphs (f) and (g), with certain modifications, correspond to the prior versions' paragraphs (e) and (f), respectively. These revisions do not affect the Five-Step Disability Determination sequence. The revised versions have no effect on the outcome of this case. For considerations of uniformity, and because the ALJ's decision came under the old versions, the court retains the old nomenclature in its analysis.

6

impairment, the claimant is presumptively disabled. *Ferraris*, 728 F.2d at 584. If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's Residual Functional Capacity (RFC) precludes the performance of her past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Five, the ALJ determines whether the claimant can do any other work. 20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant has the burden of showing that she cannot perform past relevant work. *Ferraris*, 728 F.2d at 584. However, once the claimant meets that burden, benefits can only be denied by showing, with specific reference to medical evidence, that the claimant can perform some less demanding work. *See White v. Sec'y of HHS*, 910 F.2d 64, 65 (2d Cir. 1990); *Ferraris*, 728 F.2d at 584. In making this showing, the ALJ must consider the claimant's RFC, age, education, past work experience, and transferability of skills, to determine if the claimant can perform other work existing in the national economy. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

In this case, the ALJ found that Knight satisfied Step One because she had not worked since June 21, 1994. In Step Two, the ALJ determined that she suffered from status post bilateral carpal tunnel syndrome,

7

spurring of the spine, depression, generalized anxiety disorder and post-traumatic stress disorder. In Step Three, the ALJ determined that her impairments failed to meet or equal a combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Regulations No. 4. In Step Four, the ALJ determined that Knight did not have the RFC to perform her past relevant work as a mechanical builder, coil winder, and PC board maker. In Step Five, the ALJ found that Knight possessed the RFC for light work despite her additional non-exertional limitations.

## C. Medical Evidence

Knight argues that the opinion of Dr. Ellison, her treating physician, should have been given controlling weight. She maintains that the ALJ completely ignored his opinion and accepted the opinions of non-examining consultants instead. Generally, the opinion of a treating physician is given controlling weight if it is based upon well-supported, medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998). An ALJ may not arbitrarily substitute his own judgment for a competent medical opinion. *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). If the treating

physician's opinion is not given "controlling weight," the ALJ must assess several factors to determine how much weight to afford the opinion: the length of the treatment relationship, the frequency of examination by the treating physician for the condition(s) in question, the medical evidence supporting the opinion, the consistency of the opinion with the record as a whole, the qualifications of the treating physician, and other factors tending to support or contradict the opinion.  20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).

Moreover, the "ultimate finding of whether a claimant is disabled and cannot work is 'reserved to the Commissioner.'"  *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citation omitted).  "That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions."  *Id.*  Thus, a treating physician's disability assessment is not determinative.  *Id.*  Furthermore, where the evidence of record includes medical source opinions that are inconsistent with other evidence or are internally inconsistent, the ALJ must weigh all of the evidence and make a disability determination based on the totality of that evidence.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Knight contends the ALJ erred when he relied on the opinions of

9

non-examining state agency medical consultants. This contention is without merit. As mentioned, the final determination of disability is reserved for the Commissioner and therefore her treating physician's opinion of disability was not binding on the ALJ. In addition, Dr. Ellison's opinions were rendered in the context of Knight's Workers' Compensation claim, which is governed by standards different from the disability standards under the Social Security Act. *See Gray v. Chater*, 903 F. Supp. 293, 301 n.8 (N.D.N.Y. 1995) ("Workers' compensation determinators are directed to the worker's prior employment and measure the ability to perform that employment rather than using the definition of disability in the Social Security Act.").[3] In addition, the ALJ noted that Dr. Ellison had not examined Knight for one year prior to finding her disabled. Moreover, on several occasions, Dr. Ellison found her disabled in varying degrees, i.e."permanent partial," "mild permanent partial," "temporarily totally disabled," "totally disabled." (Tr. 304, 309, 318, 322, 325). The ALJ properly relied on Drs. Murphy, Pulver, and Bethje. Dr. Murphy opined that her neck imposed no disability. (Tr. 286). Dr. Pulver opined that her prognosis was good, and found no abnormalities in her cervical spine and normal grip strength. (Tr. 353-54). Dr. Bethje observed that she had full to

---

[3]Therefore, the notations of total disability in Knight's WC forms merely bolster the ALJ's finding that she was unable to perform her previous work.

near full range of neck motion and hands. (Tr. 329). Accordingly, the ALJ's decision was not contrary to the law and his decision was supported by substantial evidence.

## D. Subjective Complaints of Pain

Knight also claims that the ALJ improperly discounted her allegations of disabling pain. The Commissioner is obligated to evaluate all of a claimant's symptoms, including pain, and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529(a), 416.929(a). The ALJ must perform a two-step analysis. *See* 20 C.F.R. §§ 404.1529, 416.929; *see also Crouch v. Comm'r, Soc. Sec. Admin.*, 2003 WL 22145644, at *10 (N.D.N.Y. Sept. 11, 2003) (citation omitted). First, based upon the objective medical evidence, the ALJ must determine whether the impairments "could reasonably be expected to produce the pain[4] or other symptoms alleged ...." 20 C.F.R. §§ 404.1529(a), 416.929(a); *see Crouch*, 2003 WL 22145644 at *10. "Second, if the medical evidence alone establishes the existence of such impairments,

---

[4] The pain must be properly evaluated, considering the applicant's credibility and motivation as well as the medical evidence of impairment to reach an independent judgment concerning the true extent of the alleged pain, and the degree to which it hampers the applicant's ability to engage in substantial gainful employment. *See Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

11

then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which it limits the claimant's capacity to work." *Crouch*, 2003 WL 22145644 at *10 (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)).

A plaintiff may suffer some degree of pain as a result of a condition, however, some pain does not automatically translate into disabling pain. *See Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983) ("disability requires more than mere inability to work without pain"). Moreover, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability." *See* 42 U.S.C. § 423(d)(5)(A).

Where the alleged symptoms suggest that the impairment is greater than demonstrated by objective medical evidence, the ALJ will consider other factors, such as daily activities, the location, duration, frequency and intensity of symptoms, the type, effectiveness and side effects of medication, and other treatment or measures to relieve those symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); Social Security Ruling (SSR) 96-7p. "The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." SSR 96-7p. Therefore, "[a]n [ALJ] may properly reject [subjective complaints] after

12

weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must [do so explicitly and] set forth his or her reasons with sufficient specificity to enable [the courts] to decide whether the determination is supported by substantial evidence." *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks, citation omitted); see *Brandon v. Bowen*, 666 F. Supp. 604, 608 (S.D.N.Y. 1987).

In this case, Knight claims that she consistently complained to all medical examiners of chronic and persistent pain. In fact, Knight points out that all medical examiners found that she had pain, fatigue and tenderness associated with bilateral carpal tunnel syndrome and spurring of the spine. She maintains that she is limited in her activities and must rest frequently. Finally, Knight argues that her ability to intermittently engage in some light work is not proof that she can perform regular work.

The ALJ's decision was based on substantial evidence. As the ALJ noted, Knight's pain was managed with over-the-counter medication. Furthermore, she had not seen her treating physician in more than a year. Although she may have pain, "some pain does not mean disabling pain." *Dumas*, 712 F.2d at 1552. In addition, the ALJ properly noted that her daily

activities belied her claim of disabling pain.  Those activities included taking care of her personal needs without assistance, grocery shopping for her family and others, and aiding her children in delivering newspapers.  (Tr. 67-68, 77, 358).  She also cleaned, watched television and cooked. (Tr. 68).  Based on the review of the record, the ALJ's decision was based on substantial evidence.

Knight also argues that her disabling pain should have been considered by the ALJ in his RFC determination.   Absent evidence showing that she was suffering from disabling pain, the ALJ's finding was not contrary to the law.  Accordingly, the ALJ's decision was based on substantial evidence.

## E.  Vocational Expert

Knight claims that the ALJ failed to consult a vocational expert.  She maintains that her pain and depression were non-exertional impairments which required a vocational expert.  This contention is without merit.  "The grids 'take[ ] into account the claimant's residual functional capacity in conjunction with the claimant's age, education and work experience.'" *Rosa*, 168 F.3d at 78 (citation omitted).  "Based on these considerations, the grids indicate whether the claimant can engage in any substantial

gainful work existing in the national economy." *Id*.

While "the grid results are generally dispositive, exclusive reliance on the grids is inappropriate where the guidelines fail to describe the full extent of a claimant's physical limitations." *Id*. In particular, "sole reliance on the [g]rid[s] may be precluded where the claimant's exertional impairments are compounded by significant nonexertional impairments." *Id*. Thereafter, the Commissioner must "introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the economy which claimant can obtain and perform." *Bapp*, 802 F.2d 601, 603 (2d Cir. 1986). Nevertheless, "the necessity for expert testimony must be determined on a case-by-case basis." *Id*. at 605.

In this case, the record shows that although Knight consulted a therapist on a regular basis, she was never hospitalized for psychiatric reasons. In addition, she never consulted a psychiatrist. Moreover, she did not take any anti-depression medication and managed her pain with over-the-counter medication. (Tr. 41). Accordingly, the ALJ's decision was supported by substantial evidence and is affirmed.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED,** that the decision denying benefits is **AFFIRMED**; and it

is further

    **ORDERED,** that the Clerk of the Court serve a copy of this Order

upon the parties.

    Albany, New York
    June 14, 2005

                                              Gary L. Sharpe
                                              U.S. District Judge